UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMARR W. DOWNES,<br>        Plaintiff,<br><br>v.<br><br>ALLENTOWN POLICE DEPARTMENT, ALICIA MENDOZA, DEAN #112, KESACK #2, LEHIGH COUNTY CRISIS, and ROBLES #32<br>        Defendants. | :<br>:<br>:<br>:   No. 5:25-cv-5805<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                               **December 10, 2025**
**United States District Judge**

      Samarr W. Downes initiated this civil action by filing a *pro se* Complaint naming as Defendants the Allentown Police Department, Alicia Mendoza, Dean #112, Kesack #2, Robles #32, and Lehigh County Crisis. *See* ECF No. 2. Downes has also filed motions for leave to proceed *in forma pauperis*, *see* ECF No. 1, and for appointment of counsel, *see* ECF No. 6. For the following reasons, the Court grants Downes leave to proceed *in forma pauperis* and dismisses his Complaint. The request for appointment of counsel is denied.

## I.    FACTUAL ALLEGATIONS[1]

      The factual circumstances alleged by Downes are unclear. It appears that he was involved in an incident involving Allentown police officers at his home on October 4, 2025. *See*

---

[1]     The factual allegations set forth in this Memorandum are taken from Downes's Complaint ("Compl."), consisting of the Court's form complaint available for use by unrepresented litigants. *See* ECF No. 2. The Court adopts the sequential pagination supplied by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

Compl. at 1, 3. He states "[n]o one listened to me, when I felt I got attacked, no information was given to me before [] the incident." *Id.* at 3. No one allegedly informed him of what was happening. *See id*. The people there allegedly said that "Crisis" was involved, but he does not know who they are. *Id*. Downes claims that he checked the police station and courthouse and is still unaware of what occurred. *See id*.

In his form Complaint, Downes states that he suffered "[n]o injuries, humbly I was . . . [emotional] – my feelings got hurt." *Id*. at 4. As relief, Downes requests that the "law system" listen to his opinion and "not anyone else or a random person." *Id*. He seeks money damages "for what ha[s] been going on with Allentown Police for many years since 2015-2017[.]" *Id*.

## II.     LEGAL STANDARD

The Court grants Downes leave to proceed *in forma pauperis* because it appears that he cannot afford to pay the filing fee. When allowing a plaintiff to proceed *in forma pauperis*, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal if the Complaint fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court "appl[ies] the relevant legal principle even when the complaint has failed to name it." *Id.* (citing *Mala*, 704 F.3d at 244). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (citing *Mala*, 704 F.3d at 245). An unrepresented litigant also "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id*. This includes compliance with Federal Rule of Civil Procedure 8, which requires that the pleading contain a "short and plain statement showing that the pleader is entitled to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). "Naturally, a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)) (external citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94 (citations omitted).

**III.    DISCUSSION**

Downes's statement of facts in his Complaint consists entirely of a recitation of his feelings and emotions as he recalls them from October 4, 2025. *See* Compl. at 3. As best as the Court can tell, Downes had some interaction that upset him and caused his frustration. It appears that he wants to raise federal civil rights claims as a result. *See id*. at 2. However, the Complaint

cannot proceed as pled because it does not meet the standards of Rule 8. Crucially, it does not coherently communicate to the Court any of the events that allegedly occurred on October 4. Downes states that "[n]o one listened to me, when I felt I got attacked, no information was given to me before [] the incident." *Id*. at 3. He alleges that "'Crisis' was involved," yet nowhere does he characterize what the "incident" was or explain what occurred. *Id*. Similarly, Downes's request for relief that he should be compensated for something that has "been going on with the Allentown Police for many years since 2015-2017," is unclear because there is no factual context provided. *Id*. at 4. Downes names as parties Alicia Mendoza, Dean #112, Kesack #2, and Robles #32, but he fails to provide any identifying information, describe any actions taken by those Defendants, or even mention them in his factual summary. *See id*. at 2–4. At a minimum, in addition to other things, a civil rights complaint must identify each defendant and describe the action that each defendant took. *See Garrett*, 938 F.3d at 93. Downes's Complaint does not present any legal claims that a Defendant could reasonably respond to. *See id.* at 94; *see also Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (dismissing a complaint for failure to comply with Rule 8 when plaintiff did not describe actions taken by the defendant or allege legal claims to which the defendant could reasonably be expected to respond on the merits). In sum, Downes's Complaint entirely lacks the "who, what, where, when and why" of the claims he intends to bring, and it cannot proceed in its present form. *Davis*, 2022 WL 407639, at *3 (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)); *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because the plaintiff "failed to plead

adequate factual content to support a reasonable inference that the defendants were liable and failed to present cognizable legal claims to which the defendants could respond on the merits").

Downes may assert his factual allegations and legal claims in an amended complaint. If he chooses to file an amended complaint, he should keep in mind some of the following guiding principles.

First, as he states that he wants to bring claims for violations of his civil rights, Compl. at 2, the vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983 ("Section 1983"). "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In other words, "[e]ach Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Second, to the extent that Downes suffered "[n]o injuries" related to events alleged in his factual statement, but that he got emotional and had hurt feelings, he cannot recover under Section 1983. Compl. at 4. To allege a proper Section 1983 claim, a plaintiff must have suffered an "actual injury" on account of the defendant's unconstitutional actions. *Bolden v. Se. Penn. Transp. Auth.*, 21 F.3d 29, 34 (3d Cir. 1994) ("A plaintiff in a section 1983 case cannot recover damages for emotional distress unless he or she presents evidence of 'actual injury.'" (quoting

*Carey v. Piphus*, 435 U.S. 247, 266 (1978))); *see also Spence v. Bd. of Educ. of the Christina Sch. Dist.,* 806 F.2d 1198, 1201 (3d Cir. 1986) (affirming district court's rejection of emotional-distress damages award in Section 1983 case based on plaintiff's assertion that she was "depressed and humiliated" by a job transfer and that "she had lost her motive to be creative").

Third, any claims that Downes alleges against the Allentown Police Department are dismissed because a police department is not a proper defendant under Section 1983. *See Martin v. Red Lion Police Dep't*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to Section 1983 because it is a sub-division of its municipality); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *see also Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016) (same).

Fourth and finally, the Court observes that Downes checked the box on the Complaint form indicating that he intends to bring claims over which the Court may exercise diversity jurisdiction.[2] However, it is not clear that he understood or intended to invoke the Court's diversity jurisdiction. District courts may exercise diversity jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff

---

[2] He also checked the box for Federal Question jurisdiction, which applies to a civil rights action under § 1983.

[may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Downes does not raise state law claims, nor does anything in the Complaint clearly suggest plausible state law claims. Moreover, Downes does not plead diversity of citizenship. Downes provides an Allentown, Pennsylvania, address for himself, and he states generally that the police department and officers are located in Pennsylvania. *See* Compl. at 3; *see also Zambelli*, 592 F.3d at 419 ("A natural person is deemed to be a citizen of the state where he is domiciled." (citation omitted). Downes does not identify the citizenship of any Defendant, but from what he pleads, it appears that some, if not all, of the Defendants are Pennsylvania citizens.

## IV. CONCLUSION

The Court grants Downes's motion for leave to proceed *in forma pauperis* and dismisses the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cognizant of Downes's *pro se* status, the Court grants him an opportunity to file an amended complaint if he can identify proper defendants, provide factual allegations, and assert legal claims subject to this Court's jurisdiction. His Motion for Appointment of Counsel, *see* ECF No. 6, is denied without prejudice.[3] An appropriate Order containing more information about amendment follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] In determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (external citations omitted). For the reasons explained above, Downes's Complaint fails to meet this threshold requirement.