**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

SAMARR W. DOWNES,          :
    Plaintiff,             :
                       :
    v.                  :      No. 5:25-cv-5805
                       :
ALLENTOWN POLICE       :
DEPARTMENT, *et al*.,      :
    Defendants.          :

## <u>MEMORANDUM</u>

**Joseph F. Leeson, Jr.**                                 **February 26, 2026**
**United States District Judge**

      Samarr W. Downes initiated this civil action by filing a *pro se* Complaint naming as Defendants the Allentown Police Department, Alicia Mendoza, Dean #112, Kesack #2, Robles #32, and Lehigh County Crisis, and he moved for leave to proceed *in forma pauperis*. *See* ECF Nos. 1 and 2. In a prior Memorandum and Order, the Court granted Downes's motion for leave to proceed *in forma pauperis* and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Downes v. Allentown Police Dep't*, No. 25-5805, 2025 WL 3539258, at *4 (E.D. Pa. Dec. 10, 2025). Downes has now filed an Amended Complaint. *See* ECF No. 9. For the following reasons, the Court dismisses the Amended Complaint with prejudice.

## I.    FACTUAL ALLEGATIONS[1]

Downes alleges few clear facts in the Amended Complaint. On the morning of October 4, 2025, some interaction at his home occurred where he "felt [he] got attacked" and no one provided information to him. Am. Compl. at 3. He alleges that, for approximately two weeks preceding that day, the people he lives with did not communicate with him. *See id.* In answer to a question on the complaint form asking whether anyone else was involved, Downes answered "crisis". *Id*. He admits that he does not know who saw what happened. *See id*. Downes claims that he suffered "[n]o injuries, humbly I was emotional or it was a[n] emotional event for me." *Id*. at 4. In his Amended Complaint, he claims infringement on his civil rights and right to "life[,] liberty and the pursuit of happiness." *Id*. at 2. As relief, Downes requests that the Allentown Police Department listen to his opinion "at all times [and] not anyone [else's] or a random person." *Id.* at 4. He wants money damages "for what ha[s] been going on with the Allentown Police Dpt for many years since 2015-2017[.]" *Id.*

## II.    STANDARD OF REVIEW

Because Downes has been allowed to proceed *in forma pauperis*, the Court must screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court accepts the facts alleged in Downes's Amended Complaint as true, draws

---

[1]    The factual allegations set forth in this Memorandum are taken from Downes's Amended Complaint ("Am. Compl."), consisting of the Court's form complaint available for use by unrepresented litigants. *See* ECF No. 9. The Court adopts the sequential pagination supplied by the CM/ECF docketing system. Where the Court quotes from the Amended Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

all reasonable inferences in his favor, and asks only whether it contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id*. (quoting *Mala*, 704 F.3d at 245). This includes compliance with Federal Rule of Civil Procedure 8, which requires that the pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a)(2). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (*per curiam*)). "Naturally, a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)) (external citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94 (citations omitted).

### III.    DISCUSSION

In its prior Memorandum, the Court instructed Downes that an amended complaint must comply with Rule 8's threshold requirements—including a "short and plain statement" of his claims showing entitlement to relief. *Downes*, 2025 WL 3539258, at *2 (citing Fed. R. Civ. P. 8(a)). Yet, the Amended Complaint Downes submitted rehashes much of his original pleading with even fewer facts. He again focuses on an interaction on October 4, 2025, where he felt marginalized and "emotional" as a result. Am. Compl. at 3–4. Downes states that "people in that house" (where he resided) did not communicate with him for the two weeks prior to October 4. *Id*. at 3. Downes also asserts that the Allentown Police Department has not listened to his opinion in the past. *See id*. at 4. He does not indicate in the Amended Complaint if or how police officers were involved in the October 4 situation. *See id*. Even under the most generous construction, the handful of disparate, opaque statements like those in the Amended Complaint does not provide a cohesive factual context for his purported civil rights claims. *See Travaline v. U.S. Supreme Ct.*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (affirming dismissal where the plaintiff's amended complaint alleged no basis for purported constitutional violations as it did "not state any factual allegations against the defendants.").

Moreover, in order to meet the "plain" statement requirement, a civil rights complaint must identify each defendant and describe the actions that each defendant took. *See Garrett*, 938 F.3d at 93. Downes's Amended Complaint does not comply with this threshold obligation. Downes only lists names, addresses, and possibly badge numbers of individual defendants (Alicia Mendoza, Dean #112, Kesack #2, and Robles #32) at the beginning of his Amended Complaint, *see* Am. Compl. at 2, but he does not mention them again in the remainder of the pleading and thus never describes them or their actions. *See Garrett*, 938 F.3d at 93. Further, it is

unclear whether Downes intended to plead any allegations against Lehigh County Crisis in his Amended Complaint, but he does not list it among the Defendants and only mentions "crisis" in his one-word answer to a question on the preprinted form complaint asking whether "anyone else [was] involved."[2] Am. Compl. at 3. In other words, Downes's Amended Complaint does not present any factual or legal claims against any named Defendant, and no Defendant could reasonably be expected to respond on the merits of anything raised in the Amended Complaint. *See Garrett*, 938 F.3d at 94; *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of amended complaint pursuant to Rule 8 because plaintiff "failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits"). Accordingly, the Court dismisses Downes's Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8.

## IV.   CONCLUSION

The Court dismisses the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since Downes already had an opportunity to assert factual allegations in support of plausible legal claims but failed to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding that amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

---

[2]   Although Downes references the Allentown Police Department in his request for relief in the Amended Complaint, the Court's December 10, 2025 Order dismissed all claims against the Department with prejudice and terminated the Department as a Defendant. *See* ECF No. 8 at 1; *see also Martin v. Red Lion Police Dep't*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (explaining that a police department is not a proper defendant under Section 1983 because it is a sub-division of its municipality).

An appropriate Order follows, dismissing this case.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
**JOSEPH F. LEESON, JR.**
**United States District Judge**